IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 3D GLOBAL SOLUTIONS, INC., a corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>CHAI TRUST COMPANY, LLC d/b/a EQUITY GROUP INVESTMENTS, a limited liability company; PAR PACIFIC HOLDINGS, INC., a corporation; and PAR HAWAII REFINING, LLC, a limited liability corporation; and DOES 1-100,<br><br>            Defendants. | Case No. 1:19-cv-07524<br><br>Judge Shah<br><br>Magistrate Judge Kim |

**DEFENDANTS PAR PACIFIC HOLDINGS, INC. AND
PAR HAWAII REFINING, LLC'S MOTION TO STAY THE CASE AS TO THEM OR,
IN THE ALTERNATIVE, SET A TWO-STAGE BRIEFING SCHEDULE
<u>ON MOTIONS TO DISMISS AND EXTEND BRIEFING DEADLINE</u>**

Defendants Par Pacific Holdings, Inc. and Par Hawaii Refining, LLC (collectively "Par Defendants"), by and through their undersigned counsel, respectfully request that this Court stay the case as to them until the Court rules on the forthcoming Rule 12(b)(6) motion to dismiss by Defendant Chai Trust Company, LLC d/b/a Equity Group Investments ("EGI"). As explained below, the Court should stay this case as to Par Defendants because, unless Plaintiff has stated a claim against EGI, the Court should not exercise jurisdiction over Par Defendants and venue is improper in Illinois.

Critically, Plaintiff 3D Global Solutions, Inc.'s Complaint utterly fails to plead either general or specific jurisdiction as to Par Defendants: there are no facts alleged that would

1

support either basis for jurisdiction over them. And although the Racketeer Influenced and Corrupt Organizations Act ("RICO") provides an exception to the traditional jurisdiction and venue rules in certain, exceptional circumstances, codified at 18 U.S.C. § 1965, Plaintiff has not alleged that those circumstances are met here, and indeed has not even invoked this basis for jurisdiction and venue in its Complaint. Moreover, if Plaintiff has not stated a claim against EGI—the sole Illinois defendant—which is likely, given the conclusory nature of Plaintiff's allegations about EGI, then § 1965 cannot support jurisdiction over Par Defendants in any event because Plaintiff will not have satisfied § 1965's threshold requirement of having an Illinois defendant. Unless there is an Illinois defendant, § 1965 cannot be used to hale Par Defendants into court in Illinois. Thus, staying the case as to Par Defendants until this Court rules on EGI's motion to dismiss will promote judicial economy and avoid the unnecessary expenditure of time and resources.

In the alternative, if the Court declines to the stay the case against Par Defendants, Par Defendants respectfully request that the Court set a two-stage briefing schedule on Par Defendants' various arguments to dismiss the Complaint. The proposed schedule would allow the Court to address jurisdictional and venue issues first and then, only if necessary, Par Defendants' arguments that Plaintiff has failed to state a claim on the merits, again enabling the Court and the parties to avoid unnecessary expenditure of time and resources considering and briefing arguments that may never be relevant.

In further support of their motion, Par Defendants state as follows:

1. On November 14, 2019, Plaintiff filed its Complaint, which alleges that Par Defendants wrongfully procured certain contracts. The Complaint alleges that this Court has personal jurisdiction over Par Defendants "because they have sufficient minimum contacts

2

with this state such that exercising jurisdiction over these Defendants does not offend traditional notions of fair play and substantial justice in that Defendants conduct business in Illinois and have committed tortious acts in Illinois as set forth herein." (Compl., Dkt. 1, at ¶ 4.) Plaintiff's allegation uses the term "Defendants," and does not distinguish between the three defendants named in the Complaint.

2. Defendant Par Pacific Holdings, Inc. ("Par Pacific"), was and is a publicly-traded corporation incorporated, organized, and existing under the laws of the State of Delaware, with its principal place of business in Texas. (*Id.* at ¶ 9.)

3. Defendant Par Hawaii Refining, LLC ("Par Hawaii"), was and is a limited liability company incorporated, organized, and existing under the laws of the State of Hawaii, with its principal place of business in Hawaii. (*Id.* at ¶ 10.)

4. "Courts recognize two types of personal jurisdiction: general and specific." *Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). Neither type of jurisdiction is available here.

5. "[G]eneral jurisdiction exists only when the organization is 'essentially at home' in the forum State." *Id.* at 698 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Absent exceptional circumstances, there are only "two places where that condition will be met: the state of the corporation's principal place of business and the state of its incorporation." *Id.* General jurisdiction is unavailable as to Par Pacific and Par Hawaii because neither entity is incorporated in or has its principal place of business in Illinois, and there are no exceptional circumstances that might otherwise satisfy this exceptionally high bar. *See Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014).

3

6. For specific jurisdiction, the "plaintiff must show that its claims against the defendant arise out of the defendant's constitutionally sufficient contacts with the state." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Although Plaintiff pays lip service to this requirement in alleging personal jurisdiction, its claims do not arise out of *any* contacts—much less constitutionally sufficient ones—that either Par Pacific or Par Hawaii has with Illinois.

7. The Complaint purports to allege a claim under RICO, 18 U.S.C. § 1962 *et seq.* Although there is a specialized venue and process provision under RICO, *see* 18 U.S.C. § 1965, which provides for nationwide service of process and venue under certain exceptional circumstances, the Complaint does not cite this provision, does not allege that the specialized requirements have been satisfied, and does not allege any facts that would satisfy Plaintiff's entitlement to this extraordinary relief.

8. Moreover, even if Plaintiff had properly invoked RICO's specialized venue and process provision, that provision is not satisfied here. Section 1965(a) provides that "[a]ny civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). If such a defendant exists, then § 1965(b) allows the court to exercise jurisdiction over "other parties in any other district," and "process for that purpose may be served in any judicial district of the United States by the marshal thereof," but ***only if*** "it is shown that the ends of justice require" that the non-resident parties be haled into this court. *See, e.g.*, *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71-72 (2d Cir. 1998) (Section "1965(b) provides for nationwide service and jurisdiction over 'other parties' not residing in the district," but "[t]his jurisdiction is not

4

automatic [and] requires a showing that the 'ends of justice' so require . . . . *Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora.*" (emphasis added)); *cf. Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 672 (7th Cir. 1987) (reading the interplay between § 1965(a) and (b) differently than the Second Circuit and construing § 1965(b) as relevant only to venue, but recognizing that § 1965(b) still requires a plaintiff to show that "the interests of justice require" that a defendant without general or specific jurisdiction in Illinois be haled into court in the Northern District of Illinois).

9. Nowhere in the Complaint does Plaintiff allege that the ends of justice require haling before this Court two entities without general or specific jurisdiction in Illinois. Nor has Plaintiff alleged any facts that would substantiate such an allegation.

10. Moreover, the only defendant that possibly could satisfy the requirement of § 1965(a) is EGI, which is alleged to be "a corporation incorporated, organized, and existing under the laws of the State of Illinois, with its principal place of business in Illinois."[1] (Compl., Dkt. 1, at ¶ 8.) But Plaintiff's conclusory assertions about EGI fail to state a RICO claim against it, and EGI's forthcoming motion to dismiss under Rule 12(b)(6) has a substantial likelihood of success.

11. If EGI is dismissed from the case, the specialized venue and process requirements under § 1965 cannot be satisfied as to Par Defendants, which would mean that the Court should not exercise jurisdiction over them and that venue would be improper in Illinois. *See PT United Can Co.*, 138 F.3d at 71-72; *Lisak*, 834 F.2d at 672 (writing that it was "hard to see how venue could be laid in Illinois" where parties could not satisfy

---

[1] Although Plaintiff characterizes EGI as a "corporation," the entity's name and the caption of the Complaint indicate that EGI is a limited liability company.

5

§ 1965(a) given that the parties were located outside of Illinois and the wrongs alleged did not occur in Illinois).

12. Accordingly, Par Defendants respectfully request that the Court stay the case against them until after the Court rules on EGI's motion to dismiss. "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008) (citation omitted). The case may proceed against Par Defendants in this Court only if this Court first determines that Plaintiff has stated a viable RICO claim against EGI, and only if the Court thereafter determines that Plaintiff has alleged sufficient facts to satisfy the "ends of justice" requirement found in § 1965(b).

13. If the Court grants EGI's motion to dismiss, Plaintiff will need to decide whether to amend the claim against EGI and attempt to keep this case in this Court (unless the Court dismisses the claims against EGI with prejudice), or whether to re-file the case against Par Defendants in a court in which at least one Par Defendant is at home. Either way, Plaintiff should not be able to hale Par Defendants into a foreign forum through artful pleading. Unless and until Plaintiff states a viable claim against a resident defendant and has satisfied the specialized requirements of § 1965, Par Defendants are not proper defendants in this Court.

14. At the very least, the Court should set a two-stage briefing schedule under which Par Defendants brief their personal jurisdiction and venue arguments on the same briefing schedule as EGI's motion to dismiss and defer their other arguments for dismissal until after it is determined that this Court is a proper forum for this litigation. If Par Defendants' motion to dismiss on personal jurisdiction and venue grounds is granted, then

6

there would be no need for the Court to devote the time and expense necessary to address Par Defendants' other dismissal arguments. Judicial economy and efficiency support granting Par Defendants' motion for two-stage briefing. *See In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 799 F.2d 317, 324 (7th Cir. 1986) ("Courts should address issues in a sequence that avoids the resolution of surplus issues.").

15. Indeed, faced with similar circumstances, some courts even order such staging *sua sponte*. *See, e.g., U.S. ex rel. Szymoniak v. ACE Sec. Corp.*, 2014 WL 1910876, at *3 (D.S.C. May 12, 2014) ("To promote judicial economy, the court decided that it would bifurcate the oral arguments, hearing only the Rule 12(b)(1) motions to dismiss on April 28, 2014, and hearing the Rule 12(b)(6) motions at a later date if needed."). And many courts permit such staged briefing without prior permission, allowing defendants to file a second motion to dismiss on the merits over the plaintiff's objection. *See, e.g., Brooks v. Hoffman*, 2014 WL 2818991, at *2 (E.D. Tenn. June 19, 2014); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162 (C.D. Cal. 2010) ("Defendants have raised many meritorious issues, and the Court will not resolve them all in this Order. However, there are two threshold issues that the Court will address: standing and the statute of limitations."); *Butler v. Fairbanks Capital*, 2005 WL 5108537, at *2 (D.D.C. Jan. 3, 2005) ("it is within the court's discretion to apply concepts of fairness and judicial economy to supplemental motions"); *FedEx Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 948-49 (W.D. Tenn. 1999); *In re Westinghouse Sec. Litig.*, 1998 WL 119554, at *6 (W.D. Pa. Mar. 12, 1998).

16. Two-stage briefing not only would promote judicial economy and efficiency, but also fairness for Par Defendants. Given that the threshold arguments of personal jurisdiction and venue are likely to succeed, Par Defendants should not have to bear the

7

expense of additional briefing on other issues, especially in a forum that does not have jurisdiction over them and where venue is improper. If Par Defendants succeed on their personal jurisdiction and venue motion, scheduling the briefing in the manner requested would reduce the time and expense that Plaintiff and Par Defendants would have to devote to arguments that this Court would never need to address. *See LaSalle Bus. Credit, L.L.C. v. GCR Eurodraw S.p.A.*, 2004 WL 1880004, at *12 (N.D. Ill. Aug. 18, 2004) ("Given the Court's holding regarding the threshold issue of personal jurisdiction over Defendants, the Court need not and should not reach Defendants' other motions" to dismiss.).

17. Furthermore, Par Defendants' proposed briefing schedule would not cause any unfair prejudice to Plaintiff. Plaintiff already demonstrated that it does not consider this litigation to be urgent, as it took nearly two months to serve Par Defendants. No party will benefit from the use of additional resources and time to brief arguments that this Court may never need to reach, given that the issues of personal jurisdiction and venue are likely to be dispositive.

18. Finally, Par Defendants also seek an extension of time to file their motion to dismiss on jurisdiction and venue grounds until February 28, 2020, which is the same deadline the Court set for EGI's motion to dismiss. (Dkt. 15.) This will provide Par Defendants necessary additional time to brief these issues. It also will ensure, to the extent Plaintiff intends to point to its cursory allegations against EGI as a basis for asserting jurisdiction and venue in the Northern District as to Par Defendants, that the briefing of EGI's Rule 12(b)(6) motion can be heard on the same schedule as Par Defendants' motion under Rule 12(b)(2) and 12(b)(3).

19. However, if the Court declines to stay the case as to Par Defendants and further declines Par Defendants' alternative request to set a two-stage briefing schedule on the motions to dismiss, Par Defendants respectfully request to extend the deadline to file a motion to dismiss on jurisdictional and venue grounds *and* the merits until March 12, 2020, as Par Defendants will need additional time to brief the myriad issues required if addressing all of those issues at the same time.

20. Counsel for Par Defendants discussed this motion with counsel for Plaintiff. Plaintiff objects to the relief sought herein.

WHEREFORE, Par Defendants respectfully request that this Court stay the case as to them until after the Court rules on EGI's forthcoming motion to dismiss under Rule 12(b)(6). If the Court declines to stay the case as to Par Defendants, Par Defendants respectfully request that the Court set a two-stage briefing schedule as to its motion to dismiss arguments, and that the deadline by which Par Defendants are required to file their Rule 12(b)(2) and 12(b)(3) motion be extended up to and including February 28, 2020. Finally, if the Court declines to stay the case and further declines to set a two-stage briefing schedule, Par Defendants respectfully request that the Court extend their deadline to file a motion to dismiss covering Rule 12(b)(2), 12(b)(3), and 12(b)(6) issues up to and including March 12, 2020.

| | |
|---|---|
| Dated: February 4, 2020 | Respectfully submitted, |
| | By: */s/ Hille R. Sheppard* |

                                               **SIDLEY AUSTIN LLP**
Hille R. Sheppard (No. 6226077)
Charles K. Schafer (No. 6279690)
Neil H. Conrad (No. 6321947)
One South Dearborn
Chicago, IL 60603
P: (312) 853-7000
F: (312) 853-7036
hsheppard@sidley.com
cschafer@sidley.com
nconrad@sidley.com

*Counsel for Defendants Par Pacific Holdings, Inc. and Par Hawaii Refining, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Hille R. Sheppard*
Hille R. Sheppard (No. 6226077)