**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| 3D GLOBAL SOLUTIONS, INC., a corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>CHAI TRUST COMPANY, LLC d/b/a EQUITY GROUP INVESTMENTS, a limited liability company; PAR PACIFIC HOLDINGS, INC., a corporation; and PAR HAWAII REFINING, LLC, a limited liability corporation; and DOES 1-100,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:19-cv-07524<br><br>Judge Manish S. Shah<br><br>Mag. Judge Young B. Kim |

**CHAI TRUST COMPANY, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

I. All Counts Should Be Dismissed Because They Fail Under Rule 12(b)(6). ....................... 4

II. Count I Does Not Plead A RICO Claim. ........................................................................ 6

A. Count I Does Not Plead A Distinct RICO Enterprise. ............................................ 6

B. Count I Does Not Allege Any Pattern Of Racketeering Activity. ........................... 7

C. Plaintiff Fails To Plead Alleged Fraud With Necessary Particularity. .................... 9

III. The Claim For Fraudulent Misrepresentation (Count III) Against Chai Trust Fails. ........ 10

A. Plaintiff Fails To Allege Any Misrepresentation, Much Less With Specificity. ........................................................................................................... 11

B. No Allegation That Plaintiff Reasonably Relied To Its Detriment. ....................... 11

C. No Allegation That Chai Trust Intended Plaintiff To Rely On Any Act. .............. 12

IV. The Deceptive Trade Practices Claim (Count IV) Against Chai Trust Fails. .................... 12

A. Plaintiff Fails To Allege A Deceptive Act On The Part Of Chai Trust. ................ 12

B. Plaintiff Lacks Standing To Bring This Claim. ................................................... 12

C. Again, No Allegation That Chai Trust Intended Plaintiff Rely On Any Act. ......................................................................................................... 13

V. The Claim for Tortious Interference (Count II) Against Chai Trust Fails. ....................... 13

A. Plaintiff Does Not Allege A Protectable Business Relationship. .......................... 14

B. Chai Trust Didn’t Know Plaintiff, Let Alone Purposefully Interfere With It. ............................................................................................................... 14

VI. Plaintiff’s Conspiracy (Count V) and Unjust Enrichment Claims (Count VI) Fail. .......... 15

# TABLE OF AUTHORITIES

**CASES**

*Am. Med. Ass'n v. 3Lions Publ'g, Inc.*,
No. 14-CV-5280, 2015 WL 1399038 (N.D. Ill. Mar. 25, 2015)....7, 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....4

*Arvegenix, LLC v. Seth*,
No. 13-CV-1253, 2014 WL 1698374 (C.D. Ill. Apr. 29, 2014)....13

*Bandurin v. Aeroflot Russian Airlines*,
No. 19-CV-255, 2020 WL 362781 (N.D. Ill. Jan. 22, 2020)....6, 10

*Bank of Am., N.A. v. Knight*,
725 F.3d 815 (7th Cir. 2013)....5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....4

*Blaum v. Triad Isotopes, Inc.*,
104 F. Supp. 3d 901 (N.D. Ill. 2015)....14

*Borsellino v. Goldman Sachs Grp., Inc.*,
477 F.3d 502 (7th Cir. 2007)....11

*Chi. Faucet Shoppe v. Nestle Waters N. Am. Inc.*,
24 F. Supp. 3d 750 (N.D. Ill. 2014)....13

*Crichton v. Golden Rule Ins. Co.*,
576 F.3d 392 (7th Cir. 2009)....7

*Edgenet, Inc. v. GS1 AISBL*,
742 F. Supp. 2d 997 (E.D. Wis. 2010)....8

*Emery v. Am. Gen. Fin., Inc.*,
134 F.3d 1321 (7th Cir. 1998)....6

*Feldman v. Allegheny Int'l, Inc.*,
850 F.2d 1217 (7th Cir. 1988)....14

*Geinosky v. City of Chi.*,
675 F.3d 743 (7th Cir. 2012)....2

*Goren v. New Vision Int'l, Inc.*,
156 F.3d 721 (7th Cir. 1998), ....................................................................................9

*Green v. Morningstar, Inc.*,
No. 17-C-5652, 2018 WL 1378176 (N.D. Ill. Mar. 16, 2018) ................................................5

*Guaranteed Rate, Inc. v. Barr*,
912 F. Supp. 2d 671 (N.D. Ill. 2012) ...........................................................................7

*Hackman v. Dickerson Realtors, Inc.*,
520 F. Supp. 2d 954 (N.D. Ill. 2007) ...........................................................................14

*Horist v. Sudler & Co.*,
941 F.3d 274 (7th Cir. 2019) .....................................................................................15

*Indeck N. Am. Power Fund, L.P. v. Norweb PLC*,
316 Ill. App. 3d 416 (2000) .......................................................................................15

*Jennings v. Auto Meter Prod., Inc.*,
495 F.3d 466 (7th Cir. 2007) .......................................................................................8

*Martis v. Grinnell Mut. Reins. Co.*,
388 Ill. App. 3d 1017 (2009) .....................................................................................15

*McCready v. eBay, Inc.*,
453 F.3d 882 (7th Cir. 2006) .......................................................................................8

*Menzies v. Seyfarth Shaw LLP*,
943 F.3d 328 (7th Cir. 2019) ............................................................................. passim

*P.H. Int'l Trading Co. v. Christia Confezioni S.p.A.*,
No. 04-C-0903, 2005 WL 2420377 (N.D. Ill. Sept. 29, 2005) ...............................................13

*Pierrelouis v. Gogo, Inc.*,
414 F. Supp. 3d 1164 (N.D. Ill. 2019) ..........................................................................11

*Rocha v. Rudd*,
826 F.3d 905 (7th Cir. 2016) .....................................................................................11

*Roger Whitmore's Auto. Servs., Inc. v. Lake Cty., Ill.*,
424 F.3d 659 (7th Cir. 2005) ....................................................................................8, 9

*Sabrina Roppo v. Travelers Commercial Ins. Co.*,
869 F.3d 568, 591 (7th Cir. 2017) .........................................................................11, 12

*Shepard v. Lustig*,
912 F. Supp. 2d 698 (N.D. Ill. 2012) ...........................................................................8

*Slaney v. The Int'l Amateur Athletic Fed'n*,
244 F.3d 580 (7th Cir. 2001) ....................5, 9

*Starfish Inv. Corp. v. Hansen*,
370 F. Supp. 2d 759 (N.D. Ill. 2005) ....................7

*Super Pawn Jewelry & Loan, LLC v. Am. Envtl. Energy, Inc.*,
No. 11-CV-8894, 2013 WL 1337303 (N.D. Ill. Mar. 29, 2013)....................12

*Taha v. Int'l Bd. of Teamsters, Local 781*,
947 F.3d 464 (7th Cir. 2020) ....................4, 5, 12

*United Food & Commercial Workers et al. v. Walgreens Co.*,
719 F.3d 849 (7th Cir. 2013) ....................6

*United States v. Walgreens Co.*,
No. 14-CV-1558, 2019 WL 4749904 (N.D. Ill. Sept. 30, 2019) ....................10

*Vicom, Inc. v. Harbridge Merch. Servs., Inc.*,
20 F.3d 771 (7th Cir. 1994) ....................8

*Wahlert v. Kovitz Shifrin Nesbit*,
No. 17-C-8055, 2019 WL 480010 (N.D. Ill. Feb. 7, 2019) ....................12

*Wooley v. Jackson Hewitt, Inc.*,
540 F. Supp. 2d 964 (N.D. Ill. 2008) ....................9

**STATUTES**

Consumer Fraud and Deceptive Business Practices Act,
815 ILL. COMP. STAT. 505/10 (2020) ....................12, 13

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C § 1962 (2018).................. passim

Small Business Act, 15 U.S.C § 633 (2018)....................3, 4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 4 ....................2

Federal Rule of Civil Procedure 12(b)(6) ....................1, 4, 5, 12

Federal Rule of Civil Procedure 9(b).................... passim

Local Rule 5.5....................2

## INTRODUCTION

Plaintiff has filed a six-count complaint alleging that it is entitled to recovery under RICO and a handful of tag-along theories against a number of defendants. None of its claims against Chai Trust Company, LLC ("Chai Trust") can survive the pleading standard of Federal Rule 12(b)(6) as set forth by the Supreme Court in *Iqbal* and *Twombly*. Plaintiff does not plead any facts that could demonstrate wrongful conduct by Chai Trust sufficient to make any of its claims against Chai Trust plausible.

Virtually all of Plaintiff's claims sound in fraud and fail to meet Rule 9(b)'s heightened pleading standard. Additionally, its RICO claim (Count I) does not even allege requisite elements, including a distinct enterprise or sufficient pattern of racketeering. Apart from the failure to plead any wrongful conduct by Chai Trust with specificity, the claims also fail for multiple additional reasons, including:

Count II (Tortious Interference) does not allege Plaintiff had a reasonable expectancy to enter into a contract with the government, or that Chai Trust knew about Plaintiff or purposefully interfered with it in anyway.

Count III (Fraudulent Misrepresentation) does not allege Chai Trust made any misrepresentations, intended Plaintiff to rely on any misrepresentation, or that Plaintiff reasonable relied on any such misrepresentations.

Count IV (Consumer Fraud Act) does not allege harm to consumers, implicate consumer protection concerns, or Plaintiff's reasonable reliance.

Counts V (Conspiracy) and VI (Unjust Enrichment) cannot stand under Illinois law absent sufficient allegations of wrongdoing against Chai Trust, which are conspicuously missing from the complaint.

At bottom, none of the Plaintiff's claims against Chai Trust can survive the pleading stage, and they are so woefully deficient that they should be dismissed with prejudice.

**PLAINTIFF'S ALLEGATIONS**

The following is a summary of relevant allegations from the Plaintiff's complaint, including its Exhibit A, which are taken as true solely for the purposes of this motion.[1]

Chai Trust is an investment company based in Chicago, Illinois. (Compl. ¶8.)[2] Plaintiff does not make any specific factual allegations of any alleged wrongdoing on the part of Chai Trust. Indeed, it does not allege that Chai Trust did anything wrong. Rather, it merely alleges that Chai Trust is Defendant Par Pacific's "largest shareholder and has the power to control [it] based on ownership." (*Id*.) There is no allegation that anyone from Chai Trust holds any director or officer position, or plays any role in its affairs whatsoever. Plaintiff then alleges that Defendant Par Pacific "directly and wholly owns" Par Hawaii "and has the power to control" it. (*Id*. ¶9.) Par Pacific is a publicly traded, widely held corporation. (*Id*. ¶36.)

In 2017 and 2018, Plaintiff bid on two bulk petroleum contracts offered by the federal government's Defense Logistics Agency—Energy Section ("Agency") and did not win either bid. (Compl. ¶¶18-26.) Defendant Par Hawaii bid and won both of those two contracts. When submitting both bids, it certified that it was an eligible small business under the relevant regulations, based on, among other things, the number of its employees and its refining capacity.

---

[1] In considering a motion to dismiss, the Court may consider documents attached to the complaint, documents that are both referred to in the complaint and central to its claims, and information that is subject to judicial notice. *See, e.g.*, *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

[2] Equity Group Investments, LLC ("EGI") is a distinct limited liability company from Chai Trust d/b/a Equity Group Investments. Plaintiff does not make any further allegations about EGI. To the extent that EGI is intended to be a named party, it should be dismissed from the case because it was not served as required under Federal Rule 4 and Local Rule 5.5. To the extent EGI is a party and isn't dismissed on that basis, it joins all of the legal arguments made by Chai Trust.

(*Id.* ¶18.) On August 27, 2018, after not winning the 2018 contract bid, Plaintiff filed a "size protest" against Par Hawaii's 2018 bid. (*Id.* ¶¶27-29.) The Agency denied its protest as untimely.

The Agency initiated its own size protest on or around September 25, 2018. (Compl. ¶¶30-31.) In connection with that protest, in or about October 2018, the Agency requested that Par Hawaii provide answers to a number of questions and requests for documents. (Compl. Ex. A at 2.) Par Hawaii addressed many of the items but not all of them. (*Id.* at 2-8.) Par Hawaii's answers included publicly available information about Chai Trust from SEC filings, including but not limited to explaining that Chai Trust's "principal business is trust administration," and that it "is the general partner of two investment entities, whose principal business is investments." (*Id*. Ex. A at 4.) It also included the names of Chai Trust's officers as well as others who report information to the SEC. (*Id.*) There is no allegation that those SEC filings were incorrect or incomplete.

The Agency asked Par Hawaii follow up questions. Based on not timely receiving certain documents from Par Hawaii, including about Chai Trust's investors and activities, the Agency drew an adverse inference as to whether Par Hawaii had established its eligibility under the Small Business Act ("SBA"). (*Id.* at 8, 16.)[3] Accordingly, the Agency never determined on the merits—absent an adverse inference drawn from its failure to provide certain information—that Par Hawaii actually did not qualify as a small business or that its certifications were false. (*Id.* at 9.)[4] Moreover, there is no allegation that Chai Trust had any involvement in the failure to respond to

---

[3] "The Area Office based its finding on [Par Hawaii's] non-submission of requested information, drawing an adverse inference." The SBA issued a final decision affirming the Agency's size determination on the same basis.

[4] "The Area Office concluded that because of the incomplete response to the size protest, it was unable to determine whether [Par Hawaii] was small for instant procurement. Therefore, the Area Office drew the inference . . . ."

the requests from the Agency or wrongfully or purposefully withheld any information or documents in connection with the Agency's follow up requests.

Despite that the Agency's determination was not based on the merits, Plaintiff's complaint alleges "upon information and belief" that Par Hawaii did not qualify under the SBA. (Compl. ¶44.) Plaintiff does not allege any facts to support any assertion that Chai Trust's investment in Par Pacific would cause Par Hawaii in 2017 or 2018 to not qualify under the SBA or that it would render its certifications false. (*See id*. ¶¶12-50, "Factual Allegations.")

Additionally, Plaintiff's complaint does not allege that Chai Trust was involved in Par Hawaii's bid proposals or certifications. (*Id.*) Plaintiff does not—and cannot—allege any facts to support any assertion that Chai Trust made any misrepresentations to anyone in connection with these two bids or that it knew anything about Plaintiff or its bids. (*Id.*) Significantly, the entire "Factual Allegation" section of the Complaint does not even once mention Chai Trust, and instead makes allegations about a sole "Defendant," who is Par Hawaii. (*Id.*)

## ARGUMENT

### I. All Counts Should Be Dismissed Because They Fail Under Rule 12(b)(6).

Federal Rule 12(b)(6) requires a plaintiff to allege facts with sufficient specificity to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Taha v. Int'l Bd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020).

To do so, the Rule requires that a plaintiff rely on more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and cannot only allege "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678;

*see Taha*, 947 F.3d at 469 ("bald assertions, and unsupported conclusory statements" do not satisfy the *Twombly/Iqbal* plausibility standard).

Similarly, a plaintiff must plead specific facts that allege each defendant committed actionable misconduct and may not maintain claims against a group of defendants without specifying what, if any, wrongful conduct was allegedly committed by each defendant. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("An allegation that *someone* looted a corporation does not propound a plausible contention that a *particular person* did anything wrong."); *Green v. Morningstar, Inc.*, 17-C-5652, 2018 WL 1378176, at *9 (N.D. Ill. Mar. 16, 2018) (internal citations omitted) (dismissing claims under Rule 12(b)(6) that group pleaded the defendants "collectively as one").

Because the Plaintiff's complaint does not make any allegation of wrongdoing by Chai Trust—it isn't even mentioned in the "Factual Allegations" section—none of Plaintiff's claims have factual content that could allow the Court to draw a reasonable inference that Chai Trust is liable for any of the misconduct alleged. *See Taha*, 947 F.3d at 472 (discussing *Twombly/Iqbal*); *see also Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001) (dismissing plaintiff's RICO claims for failing to allege defendant engaged in misconduct). And merely group pleading "Defendants" in certain allegations reciting the elements of each claim in the "Counts" section is plainly insufficient. *Bank of Am.*, 725 F.3d at 818; *Green*, 2018 WL 1378176 at *9.

Accordingly, all counts against Chai Trust should be dismissed with prejudice under Rule 12(b)(6).[5]

[5] As this memorandum explains, Plaintiff makes no allegation of any wrongdoing whatsoever about Chai Trust, and cannot fix its claims because Chai Trust is merely an investor in Par Pacific and took no relevant action. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943–44 (7th Cir. 2012) (affirming lower court's dismissal with prejudice because amendment was futile)

## II. Count I Does Not Plead A RICO Claim.

To state a civil RICO claim, a plaintiff must allege with specificity that a defendant used a distinct, separate enterprise to engage in a pattern of racketeering activity. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 336 (7th Cir. 2019). Here, Plaintiff fails to allege any facts to meet any of these elements.

### A. Count I Does Not Plead A Distinct RICO Enterprise.

Count I does not allege Chai Trust utilized a distinct enterprise to engage in racketeering activities, as required by RICO, or was the entity used by another to do so. A RICO claim must identify an enterprise that engaged in the racketeering activity—and that enterprise must be distinct and separate from the defendant itself. *See United Food & Commercial Workers et al. v. Walgreens Co.*, 719 F.3d 849, 853-54 (7th Cir. 2013) (dismissing RICO claims because plaintiff failed to allege how defendants acted through a separate enterprise). Even mere involvement in the enterprise would not be enough because the defendant "'person' must have participated in the operation of management of the distinct enterprise." *Bandurin v. Aeroflot Russian Airlines,* No. 19-CV-255, 2020 WL 362781, at *9 (N.D. Ill. Jan. 22, 2020) (quoting Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 655 (7th Cir. 2015), *appeal docketed*, No. 20-1294 (7th Cir) (Shah, J.) (dismissing RICO claims because plaintiff did not allege facts showing the existence of a distinct enterprise through which the defendants acted).

Count I merely alleges "Defendant by and through its agents, engaged in a pattern of racketeering activity . . . ." (Compl. ¶54.)[6] Because Count I does not allege Chai Trust utilized a separate, distinct enterprise to engage in the alleged misconduct or that it was the enterprise used

[6] A defendant's agents do not constitute a separate, distinct entity. *See Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998) (affirming dismissal for failure to allege an enterprise because agents by themselves do not constitute a separate, distinct entity).

for such purposes, it fails. *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 398-99 (7th Cir. 2009); *Guaranteed Rate, Inc. v. Barr*, 912 F. Supp. 2d 671, 688 (N.D. Ill. 2012).

For this reason alone, Count I against Chai Trust should be dismissed.

**B. Count I Does Not Allege Any Pattern Of Racketeering Activity.**

The RICO claim is also defective because it fails to allege Chai Trust participated in a "pattern of racketeering activity." A plaintiff must plead the alleged specific facts of the scheme and circumstances to sufficiently prove either an open-ended or closed-ended pattern of racketeering. *Menzies,* 197 F. Supp. 3d at 1097 (dismissing RICO claims because plaintiff did not allege a sufficient continuing threat of wrongful conduct). A plaintiff cannot merely rely on boilerplate assertions that the defendants engaged in a pattern of racketeering activity. *Am. Med. Ass'n v. 3Lions Publ'g, Inc*., No. 14-CV-5280, 2015 WL 1399038, at *4 (N.D. Ill. Mar. 25, 2015) (dismissing RICO claims because the pattern of racketeering was "overly speculative").

To allege that "racketeering activity" a plaintiff must allege that a defendant engaged in "at least two acts of racketeering activity" within a ten-year period, and demonstrate a sufficient relationship and continuity among those predicate acts of racketeering. *Starfish Inv. Corp. v. Hansen*, 370 F. Supp. 2d 759, 769-70 (N.D. Ill. 2005) (dismissing RICO claims where the plaintiff failed to allege *each* defendant specifically engaged in racketeering). In *Starfish*, the court found plaintiff's RICO claims "devoid of any factual allegations" because it failed to allege each defendant engaged in actionable conduct. *Id.* at 781.

To allege a pattern of racketeering activity, a plaintiff must allege an open-ended or closed-ended scheme. An open-ended scheme is defined as a scheme that is ongoing and, "while short-lived, shows clear signs of threatening to continue into the future." *Menzies*, 943 F.3d at 337.[7] If

[7] The relevant factors for determining an open-ended pattern are: "1) whether there is a specific threat of repetition; 2) whether the predicate acts are a regular way of conducting an on-going legitimate business;

the scheme can no longer continue, then it is not an open-ended scheme. *Shepard v. Lustig*, 912 F. Supp. 2d 698, 708 (N.D. Ill. 2012).

A closed-ended scheme is a "series of conduct that existed for such an extended period of time that a threat of future harm is implicit." *Roger Whitmore's Auto. Servs., Inc. v. Lake Cty., Ill.*, 424 F.3d 659, 673 (7th Cir. 2005).[8] To be actionable, the close-ended scheme must have involved more than "two victims, two schemes, and two injuries at best." *Edgenet, Inc. v. GS1 AISBL*, 742 F. Supp. 2d 997, 1020 (E.D. Wis. 2010). Under either theory, a plaintiff cannot rely on a couple alleged instances of fraud that affected a single victim. *Menzies*, 197 F. Supp. 3d at 1099; *Jennings v. Auto Meter Prod., Inc.*, 495 F.3d 466, 475 (7th Cir. 2007).

Plaintiff fails to allege facts describing either an open-ended or closed-ended scheme. First, Plaintiff cannot sufficiently allege an open-ended scheme because it does not allege that the alleged misconduct will continue into the future. *Shepard*, 912 F. Supp. 2d at 708. Indeed, taking the Plaintiff's allegations as true, the government is now aware Par Hawaii is ineligible for small business contracts. (Compl. ¶40.) Simply put, Plaintiff does not allege any future threat, and pleads facts contrary to it. As here, "if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Second, Plaintiff has not alleged facts to support a closed-ended scheme. *See Edgenet*, 742 F. Supp. 2d at 1020. It merely alleges Par Hawaii committed the same act as part of a single scheme twice within 13 months. No other predicate acts, schemes, or purported victims are

---

and 3) whether the predicate acts can be credited to a defendant operating as part of a long-term association that exists for criminal purposes." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 782 (7th Cir. 1994) (dismissing plaintiff's RICO claims because it failed to sufficiently plead an open-ended scheme).

[8] The relevant factors for determining a closed-ended pattern are "the number and variety of predicate acts and the length of time over which they were committed, the number of victims, the presence of separate schemes and the occurrence of distinct injuries." *Jennings*, 495 F.3d at 473 (7th Cir. 2007) (quoting *Morgan v. Bank of Waukegan*, 804 F.2d 970, 976 (7th Cir. 1986) (dismissing RICO claims because the plaintiff could only identify one victim of the defendant's alleged closed-ended scheme)).

pleaded, and thus Plaintiff does not sufficiently plead a pattern or a "series of conduct" that could also possibly reflect an implicit threat of future harm. *See Roger Whitmore's Auto. Servs., Inc.*, 424 F.3d at 673.

And, again, Plaintiff pleads nothing about Chai Trust engaging in any alleged racketeering activity.[9] Instead, Plaintiff makes a conclusory allegation that "Defendant" (Par Hawaii) engaged in a "pattern of racketeering activity" when it "used electronic means to carry out its fraudulent scheme" by "submit[ing] a false certification to the SBA and DLA" in connection with its applications in 2017 and 2018. (Compl. ¶54.) As an initial matter, as explained above, those conclusory allegations lack sufficient and particular facts to plead a plausible inference that Chai Trust engaged in any racketeering activity. *Menzies,* 197 F. Supp. 3d at 1102. *See also Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 973 (N.D. Ill. 2008); *Am. Med. Ass'n,* 2015 WL 1399038, at *4.

For this separate reason, Count I should be dismissed.

**C. Plaintiff Fails To Plead Alleged Fraud With Necessary Particularity.**

The RICO claim should also be dismissed because it fails to satisfy the particularity requirements of Rule 9(b) as to Chai Trust.[10]

RICO claims must satisfy the heightened pleading standard of Rule 9(b), which "requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged participation in the scheme." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998), *modified by*

---

[9] In the Seventh Circuit, actionable conduct requires more than stock ownership to allege control over a RICO enterprise or other defendant. Plaintiff only conclusory pleads that Chai Trust "controls" Par Pacific through its less than 30% stock ownership interest, and that Par Pacific "controls" Par Hawaii. (*See* Compl. ¶8.) Plaintiff does not and cannot adequately plead that Chai Trust controlled a publicly held company. *See Slaney*, 244 F.3d at 598 ("Simple exertion of control . . . does not evince control over the enterprise itself.").

[10] It also does not allege that Plaintiff reasonably relied on Chai Trust alleged misrepresentation or that Chai Trust intended that Plaintiff do so, as further discussed in Section III below.

*Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961 (7th Cir. 2000); *see also Bandurin,* 2020 WL 362781, at *10 (Shah, J.) ("Fraud can serve as a predicate act for a civil RICO claim. But it must be pleaded with particularity."). Plaintiff must describe the "who, what, when, where, and how" of the fraud. *Menzies*, 943 F.3d at 338 (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019)); *accord Bandurin*, 2020 WL 362781, at *9.

Count I does not specifically state that Chai Trust committed any fraud. It only makes reference to purported fraud by "Defendant," (Compl. ¶¶54-61), *i.e.* it alleges Par Hawaii submitted two small business self-certifications to a government agency it alleges were false. (Compl. ¶¶18, 24, 44.) As described below in Section III(B) and III(C), Plaintiff's compliant also fails to allege that Plaintiff reasonably relied on Chai Trust's alleged misrepresentations or that Chai Trust intended that Plaintiff rely on anything it did or said.

Therefore, the Complaint does not provide Chai Trust or this Court with sufficient notice of the basis for an alleged fraud because it does not name Chai Trust in its factual allegations. (*See* Compl. ¶¶12–50.) It nowhere alleges what information Chai Trust purportedly concealed, how that information was concealed or who "knew or had reason to know" of its alleged falsity.

For this additional reason, Count I against Chai Trust, should be dismissed. For all of these reasons, Count I against Chai Trust should be dismissed with prejudice.

## III. The Claim For Fraudulent Misrepresentation (Count III) Against Chai Trust Fails.

To state a fraudulent misrepresentation claim, a plaintiff must allege: "(1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance." *United States v. Walgreens Co.*, No. 14-CV-1558, 2019 WL 4749904, at *22 (N.D. Ill. Sept. 30, 2019). Rule 9(b) requires that, in "all

averments of fraud," the "circumstances constituting fraud . . . shall be stated with particularity." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (quoting Rule 9(b)).

**A. Plaintiff Fails To Allege Any Misrepresentation, Much Less With Specificity.**

As explained in II(C) above, Plaintiff's fraud claim fails under Rule (9)(b) because it does not allege any fraudulent misrepresentation with "sufficiently particularized factual allegations." *Pierrelouis v. Gogo, Inc.*, 414 F. Supp. 3d 1164, 1173 (N.D. Ill. 2019). Again, Plaintiff's complaint fails to allege any necessary particularized factual allegations of the what, where, when, or how Chai Trust purportedly knowingly made false statements that caused Plaintiff not to act. *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (stating plaintiff must "inform[] each defendant of the nature of his alleged participation in the fraud.").

Because Count III, like Count I, does not plead any specific facts about any misrepresentation allegedly made by Chai Trust and Plaintiff cannot group plead Chai Trust into its allegations against "Defendant" Par Hawaii to try to save its claim, it should be dismissed.

**B. No Allegation That Plaintiff Reasonably Relied To Its Detriment.**

Under Illinois law, "reliance is an element of both fraudulent and negligent misrepresentation." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 591 (7th Cir. 2017). A plaintiff "must allege facts which suggest that [it] plausibly relied on defendants' alleged misrepresentation." *Id.*

Here, Plaintiff merely makes the conclusory allegation in the "Counts" section that it "relied on Defendants' fraudulent representations, acts and concealments when it failed to timely submit a size protect." (Compl. ¶73). It makes no factual allegation that any representation that Chai Trust purportedly made that was relied upon by anyone. And, Plaintiff does not even allege facts that support it knew or relied on Par Hawaii's bid in failing to take any material action that

connect to it not winning its bid. *See, e.g.*, *Sabrina Roppo*, 869 F.3d at 594 (dismissing plaintiff's fraud claims for failure to sufficiently allege that she fully relied.)

**C. No Allegation That Chai Trust Intended Plaintiff To Rely On Any Act.**

To sufficiently state a fraud claim against Chai Trust, Plaintiff must allege that Chai Trust intended that Plaintiff would rely on the alleged misrepresentations. As also discussed in Section IV(C) below, Plaintiff fails to allege Chai Trust intended Plaintiff to do anything.

For all these reasons, Count III against Chai Trust should be dismissed with prejudice.

**IV. The Deceptive Trade Practices Claim (Count IV) Against Chai Trust Fails.**

To state a claim under Illinois' Consumer Fraud Act (the "Act"), a plaintiff must allege: "(1) a deceptive act or unfair practice by the defendant, (2) the defendant's intent that the plaintiff rely on that act or practice, and (3) that the act or practice occurred in the course of trade or commerce." *Super Pawn Jewelry & Loan, LLC v. Am. Envtl. Energy, Inc.*, No. 11-CV-8894, 2013 WL 1337303, at *5 (N.D. Ill. Mar. 29, 2013). This claim must also meet Rule 9(b)'s heightened pleading standard, and fails to. *Id.* at *3.

**A. Plaintiff Fails To Allege A Deceptive Act On The Part Of Chai Trust.**

As set forth in Section II(C) above, Plaintiff does not plead any facts about Chai Trust engaging in any wrongful or deceptive act and thus the claim against it under the Act is facially implausible and fails to company with Rule 9(b) or 12(b)(6). *See Taha*, 947 F.3d at 469; *Super Pawn*, 2013 WL 1337303, at *3.

**B. Plaintiff Lacks Standing To Bring This Claim.**

The Act was intended to protect consumers who engage in in transaction that primarily and substantially occur in Illinois, and courts recognize that for a claim to survive under the Act, it must "allege facts to show that the conduct involves trade practices directed to the market generally or otherwise relates to consumer protection concerns." *Wahlert v. Kovitz Shifrin Nesbit*, No. 17-

C-8055, 2019 WL 480010, at *5 (N.D. Ill. Feb. 7, 2019). Plaintiff's complaint does not contain such allegations and does not allege that "any of the entities allegedly subject to false information by Defendants are consumers." *Arvegenix, LLC v. Seth*, No. 13-CV-1253, 2014 WL 1698374, at *10 (C.D. Ill. Apr. 29, 2014). Here, the only alleged consumer was a federal government agency.

Although a competitor may maintain a claim under the Act in certain circumstances in which there is an actionable consumer interest, those circumstances are not alleged here. *See P.H. Int'l Trading Co. v. Christia Confezioni S.p.A.*, No. 04-C-0903, 2005 WL 2420377, at *10 (N.D. Ill. Sept. 29, 2005) (dismissing plaintiff's claims because competitor did not allege a consumer interest). Accordingly, Court IV fails.

**C. Again, No Allegation That Chai Trust Intended Plaintiff Rely On Any Act.**

Claims under the Act are dismissed where the plaintiff does not sufficiently allege that the defendant intended for the plaintiff to rely on its misrepresentations. *Chi. Faucet Shoppe v. Nestle Waters N. Am. Inc.*, 24 F. Supp. 3d 750, 763 (N.D. Ill. 2014) (dismissing claim where plaintiff failed to allege the alleged misrepresentations "were ever communicated to [plaintiff], let alone how and when that occurred").

Here, there is no allegation that Chai Trust (or any defendant) intended that Plaintiff rely on anything. Nor does it allege any factual basis for Plaintiff to show reasonable reliance on anything Chai Trust did or said. *See id.; see also* II(B) above.

For all of these reasons, Count IV against Chai Trust should be dismissed with prejudice.

**V. The Claim for Tortious Interference (Count II) Against Chai Trust Fails.**

To allege a claim of tortious interference with prospective business advantage, a plaintiff must plead: (1) it had a reasonable expectation of entering into a valid business relationship; (2) defendants knew of its expectancy; (3) defendant purposefully interfered with its expectancy; and

(4) damages. *Hackman v. Dickerson Realtors, Inc.*, 520 F. Supp. 2d 954, 971 (N.D. Ill. 2007). Plaintiff's complaint fails to adequately allege necessary elements.

**A. Plaintiff Does Not Allege A Protectable Business Relationship.**

Courts in this district have held that the only prospective economic advantage in the context of a contract bidding process is "nothing more than a mere hope" to successfully bid. *Blaum v. Triad Isotopes, Inc.*, 104 F. Supp. 3d 901, 931 (N.D. Ill. 2015) (dismissing tortious interference claims involving an alleged bid manipulation because "a reasonable expectancy of entering into a fair bidding process . . . is not the same as a reasonable expectancy of entering into a business relationship."). In *Blaum*, the court rejected plaintiff's argument that it had a protectable relationship because plaintiff merely pleaded that it was the lowest legitimate and qualified bidder, explaining that the argument was based on an "ex post observation." 104 F. Supp. 3d at 931.

Plaintiff's allegations that because it was allegedly informed that it was the second-highest bidder is insufficient to state a protectable business relationship. *See Blaum*, 104 F. Supp. 3d at 931 (internal citations omitted). Notably here, Plaintiff does not specifically plead that it was informed that it would have won the bids, nor that it has ever won an Agency bid.

**B. Chai Trust Didn't Know Plaintiff, Let Alone Purposefully Interfere With It.**

Plaintiff does not specifically allege that Chai Trust knew anything about the Plaintiff, had knowledge of Plaintiff's alleged specific business expectancy, or even that Plaintiff was bidding for either contract. Plaintiff does not allege that Chai Trust intended to interfere with anything relating to its bids. Accordingly, Plaintiff does not allege either requisite element of knowledge or purposeful interference as to Chai Trust. *See Hackman*, 520 F. Supp. 2d at 971 (dismissing claim for failing to allege all of the elements); *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1224 (7th Cir. 1988) (dismissing claim even where plaintiff alleged that defendant had general knowledge of a proposed deal, but lacked specific information about it).

For all of these reasons, Count IV against Chai Trust should be dismissed with prejudice.

**VI. Plaintiff's Conspiracy (Count V) and Unjust Enrichment Claims (Count VI) Fail.**

Illinois law does not recognize stand-alone causes of action for conspiracy and unjust enrichment. *See Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019) ("We can make short work of the three common-law claims. Unjust enrichment is not a separate cause of action under Illinois law. Neither is civil conspiracy.") (internal citations omitted). *See also Martis v. Grinnell Mut. Reins. Co.*, 388 Ill. App. 3d 1017, 1024 (2009) ("Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery"); *Indeck N. Am. Power Fund, L.P. v. Norweb PLC*, 316 Ill. App. 3d 416, 432 (2000) (holding that "a conspiracy is not an independent tort").

Plaintiff merely rehashes its same deficient fraud-based allegations in support of stand-alone claims for conspiracy and unjust enrichment in Counts V and VI. Because Plaintiff has not otherwise pleaded any plausible wrongful conduct claim against Chai Trust, Counts V and VI cannot survive as stand-alone claims under Illinois law and should be dismissed with prejudice.

**CONCLUSION**

For all of the foregoing reasons, Chai Trust respectfully requests that this Court grant its Motion to Dismiss with prejudice, and award any other relief that is just and equitable.

Dated: March 12, 2020

Respectfully submitted,

**CHAI TRUST COMPANY, LLC**

By: /s/ Andrew W. Vail

Andrew W. Vail
Philip B. Sailer
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
avail@jenner.com
psailer@jenner.com
Telephone: 312-222-9350